**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

DANIEL DANNY JONES,

        Petitioner,

    v.                       **CIVIL ACTION NO. 2:05cv164**
                               **[ORIGINAL CRIMINAL NO. 2:03cr105-1]**

UNITED STATES OF AMERICA,

        Respondent.

## OPINION and FINAL ORDER

_____This matter comes before the court on petitioner Daniel Jones' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the motion is **DENIED**.

## I. Factual and Procedural History

Jones was named in a sixteen-count indictment on July 23, 2003.  Count One charged him with Conspiracy to Import Cocaine in violation of 21 U.S.C. § 963.  Count Two charged him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846.  Counts Three through Eleven charged him with Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1).  Count Twelve charged him with Possessing, Using and Carrying Firearms to Further and During and In Relation to Drug Trafficking Crimes in violation of 18 U.S.C. § 924(c)(1).  Counts Thirteen through Sixteen charged him with Engaging in Unlawful Monetary Transactions in violation of

18 U.S.C. § 1957.  Initially, Larry W. Shelton, Esquire, from the Office of the Federal Public Defender, was appointed to represent petitioner.  However, prior to pleading guilty, petitioner retained William McKee, Esquire, to represent him in the case.  Jones pled guilty to Count One pursuant to a written plea agreement on November 21, 2003.  Under the plea agreement, Jones waived his right to directly appeal his sentence.  Plea Agreement at 3, ¶ 3.

A presentence investigative report ("PSR") was prepared on January 30, 2004, and an addendum was prepared on March 8, 2004. A sentencing hearing was held on March 17, 2004.  The petitioner made no material objections to the PSR.[1]  The court sentenced defendant to four hundred months incarceration and five years of supervised release.  The court dismissed with prejudice Counts Two through Sixteen of the indictment.  Petitioner did not directly appeal the sentence.

Petitioner timely filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, on March 16, 2005. The government requested an extension of time to file a response on

_____

[1]  Defendant did assert, however, that:

[H]is recollection of some of the details of what occurred may be, at times, somewhat at variance with the statements of the co-conspirators and other witness, as made available for preparation of the pre-sentence report, but not as to make a material difference in the computation of his guidelines.

Pos. of Def. with Resp. to Sent. Factors, March 5, 2004.

May 17, 2005, and the court granted the motion on May 18, 2005.
The government filed a response on June 16, 2005.

## II. Standard of Review

Petitioner proceeds under 28 U.S.C. § 2255, which provides in
pertinent part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence . . . may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C.A. § 2255 (2004).

In order to prevail under § 2255, a petitioner collaterally
attacking a conviction or sentence must prove by a preponderance of
the evidence that his sentence was imposed in violation of the
United States Constitution or laws, that the court lacked
jurisdiction to impose such a sentence, that the sentence exceeded
the maximum authorized by law, or that the sentence is otherwise
subject to collateral attack.   See id.; Miller v. United States,
261 F.2d 546, 547 (4th Cir. 1958).   Because petitioner filed his
§ 2255 motion pro se, the court reviews his arguments with
appropriate consideration.  See Gordon v. Leeke, 574 F.2d 1147 (4th
Cir. 1978)(holding pro se complaints to a less stringent standard
than formal pleadings drafted by attorneys).

In deciding a § 2255 motion, the court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639, 641 (E.D. Va. 1994).  As the matter has been fully and adequately briefed by both parties, the court finds it unnecessary to hold a hearing.

### III.  Analysis

#### A.  Recusal

Two statutory sections, 28 U.S.C. § 144 and § 455, govern the recusal of federal district judges.  Section 144 provides that:

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein.

28 U.S.C. § 144.  Section 455(a), on the other hand, provides that the judge may disqualify herself *sua sponte* "in any proceeding in which h[er] impartiality might reasonably be questioned."  Id. § 455(a).  Section 455(b) details a number of situations in which the judge must recuse herself.  These include circumstances in which the judge "has a personal bias or prejudice concerning a party."  Id. § 455(b)(1).

Petitioner argues in his motion that the undersigned judge should recuse herself from considering his § 2255 motion.  Petitioner does not state under which recusal statute the

4

undersigned should recuse herself.  The two sections, however, differ in their procedural requirements.  Whereas § 455 is self-activating, § 144 requires that the party submitting the affidavit must accompany it "by a certificate of counsel of record stating that it is made in good faith."  28 U.S.C. § 144; see also In re Beard, 811 F.2d 818, 827 n.15 (4th Cir. 1987).  Here, although the defendant did sign his motion, there is no accompanying certificate of good faith.  The procedural requirements of § 144 are strictly scrutinized for form, as well as for sufficiency.  Thus, the court cannot properly consider the petitioner's motion under § 144.

This procedural bar, however, has little effect on the analysis.  The level of bias necessary to require disqualification under §§ 144 and 455(a) and (b)(1) is generally considered to be the same.  Liteky v. United States, 510 U.S. 540, 548 (1994).  Thus, this court will only consider whether it must recuse itself pursuant to 28 U.S.C. § 455; however, the analysis would similarly apply to a motion under § 144.

The Supreme Court has discussed the proper interpretation, application, and exceptions to the recusal statutes.  See Liteky, 510 U.S. 540 (1994); Liljeberg v. Health Svcs. Acquisition Corp., 486 U.S. 847 (1988).  In Liteky, the Court explained that the § 455(a) standard was an objective one, thus requiring recusal whenever "impartiality might reasonably be questioned."  510 U.S. 548.  Judicial rulings alone will rarely constitute a valid reason

for recusal; rather they form the basis for an appeal.  <u>Id.</u> at 555.
The Court also noted that a judge's opinions based on current or
prior proceedings similarly do not constitute a valid basis for
disqualification, "unless they display a deep-seated favoritism or
antagonism that would make fair judgment impossible."  <u>Id.</u>

Petitioner believes the undersigned should recuse herself,
because comments were made at sentencing regarding petitioner's
abandonment of his ill wife and his naval career.  The court is
allowed and actually directed by statute to consider the personal
characteristics of defendant.  <u>See</u> 18 U.S.C. §§ 3553(a)(1) and
3661.  Under 18 U.S.C. § 3661, "[n]o limitation shall be placed on
the information concerning the background, character, and conduct
of a person convicted of an offense which a court of the United
States may receive and consider for the purpose of imposing an
appropriate sentence."  18 U.S.C. § 3661.  Furthermore, 18 U.S.C.
§3553(a)(1) instructs the court to consider the defendant's
"history and characteristics" in determining the particular
sentence to be imposed.  18 U.S.C. § 3553(a).  Under the standard
announced in <u>Liteky</u>, and the statutes directing the court to
consider defendant's personal characteristics, nothing in the
record indicates that the court's impartiality was compromised.
Simply put, comments regarding these two aspects of defendant's
background, character, and conduct would not lead a reasonable
person to believe that the court's impartiality had been

undermined.    Accordingly,   the   undersigned   **DECLINES**   to   recuse
herself from this proceeding.

## B.  Ineffective Assistance of Counsel

To   prove   a   claim   of   ineffective   assistance   of   counsel,
petitioner must demonstrate (1) that his attorney's performance was
deficient, and (2) that the deficient performance prejudiced the
outcome   of   his   case.    Lockhart v. Fretwell, 506 U.S. 364, 369
(1993); Strickland v. Washington, 466 U.S. 668, 687 (1984).   Under
Strickland, an attorney's performance is deficient if it is not
reasonable "under prevailing professional norms."   Id. at 688.   To
prove prejudice, a petitioner "must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."   Strickland,
466 U.S. at 694.   Failure to show either deficiency or prejudice
defeats a petitioner's ineffective assistance of counsel claim;
therefore, a court need not address both components if the
petitioner makes an insufficient showing on one part of the test.
Id. at 697, 700.

Petitioner states five reasons why his counsel, William
McKee,[2] was ineffective: (1) counsel "threatened" him with a
superceding indictment; (2) counsel at sentencing said petitioner's
cooperation with the government was disappointing; (3) counsel

---

[2] All of petitioner's claims regarding ineffective assistance
of counsel relate to William McKee.  None relate to Larry Shelton.

failed to object to enhancements in the PSR; (4) counsel violated the attorney-client privilege by providing information to the prosecutor; and (5) counsel failed to note a direct appeal.

1.  Superceding Indictment

Petitioner alleges that counsel was ineffective because counsel "threatened" him with a superceding indictment. According to petitioner, the government was planning on filing a superceding indictment and counsel brought it to petitioner in jail and told him that if he did not plead guilty that the government would file the superceding indictment. Petitioner believes that this was ineffective assistance of counsel.

Counsel's actions in showing petitioner the superceding indictment were in no way ineffective. Counsel's role is to help petitioner evaluate the charges against him and decide on a course of action. Under Strickland, counsel is required to "consult with defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." Strickland, 466 U.S. at 688. If counsel did not tell petitioner about the consequences of failing to plead guilty, petitioner could not make an informed decision as to whether to plead guilty. Counsel's actions were more than reasonable under professional norms.

Petitioner claims that the prejudice he suffered was that he entered into an involuntary plea agreement. However, at the guilty

plea hearing, the court went through an extensive plea colloquy with petitioner.   During the colloquy the court asked petitioner whether anyone had threatened him in order to get him to plead guilty.  Petitioner stated that no one had threatened him. (Guilty Plea Hearing Tr. at pg. 11, lines 22-25; pg. 12, lines 1-2).  He also stated that he was satisfied with counsel's representation. (Guilty Plea Hearing Tr. at pg. 18, lines 9-11).  At one point in the hearing, after a non-standard answer by petitioner, the court engaged in a lengthy discussion with him about whether he and counsel had considered all the factual elements of the conspiracy and defenses.  (Guilty Plea Hearing Tr. at pgs. 13-18).  The transcript from the guilty plea hearing clearly shows that the court undertook a thorough inquiry to determine whether petitioner was voluntarily pleading guilty.  Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.  Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992).  Petitioner did not enter into an involuntary plea agreement; thus, he has shown no prejudice.

2.  Statements at Sentencing

Petitioner alleges that counsel was ineffective at sentencing, because counsel represented to the court that petitioner's

cooperation with the government was initially disappointing. Counsel later stated that, since the preparation of the PSR, defendant had begun to cooperate with investigators.[3]

These statements by counsel do not constitute ineffective assistance of counsel.  The court's scrutiny of counsel's strategic choices is highly deferential.  See Strickland, 466 U.S. at 689-91. At sentencing, counsel made the strategic choice to admit the defendant's initial failings in an effort to be truthful with the court and to demonstrate that petitioner eventually began cooperating.  This choice by counsel was reasonable under the circumstances.  Additionally, petitioner has not shown how he was prejudiced by these statements of counsel.  Petitioner's sentence

---

[3] Counsel made the following statement at sentencing:

And I think unless I'm to put Mr. Jones up here and tell the court things that aren't true, I think we have to acknowledge that his cooperation initially has been a disappointment, or was a disappointment, and that – well, the presentence report is most likely accurate in terms of the things that led to his enhancements.

Nevertheless, after the time had already elapsed for filing objections and changes in position with regard to these sentencing factors, I would urge the court to consider that – and I think this can be borne out by speaking to the investigators – Mr. Jones has substantially changed the information that he is giving to the investigators in a positive way, and has in fact expressed his intention and desire to cooperate fully and truthfully prospectively, a major breakthrough having come just last Friday, when we had a five-and-a-half-hour meeting with the lead investigators in the case.

(Sentencing Hearing Tr. at pg. 5, lines 3-19).

was within the guideline range and was not the highest possible sentence under the guidelines.  In sum, the statements made by counsel are not grounds for an ineffective assistance of counsel claim.

3.  PSR

Petitioner alleges that counsel failed to make objections to the PSR.  It appears from the somewhat confusing § 2255 motion that petitioner believes that counsel should have objected to the amount of drugs attributed to him, his role in the offense, his possession of a dangerous weapon, his obstruction of justice, and the denial of acceptance of responsibility.  Counsel, however, because of prior admissions by petitioner, is not reasonably expected to make those objections, and failure to make the objections does not constitute prejudice.

At the guilty plea hearing, petitioner admitted under oath to the underlying facts regarding the drug amounts, his role in the offense, and his possession of a dangerous weapon.  During the guilty plea hearing, the government gave a factual proffer that participants in the conspiracy imported approximately 42 kilograms of cocaine (Guilty Plea Hearing Tr. at pg. 26, lines 4-5); petitioner was the organizer/leader of the conspiracy (Guilty Plea Hearing Tr. at pg. 25, lines 8-11); petitioner was routinely in possession of a firearm during the conspiracy (Guilty Plea Hearing Tr. at pg. 28, lines 4-6); and, officers searching a safe at

defendant's primary residence recovered drugs, defendant's name tag, and a gun from the safe (Guilty Plea Hearing Tr. at pg. 25, lines 13-20; pg. 31, lines 9-15).  Petitioner thereafter agreed under oath with the proffer of evidence.  (Guilty Plea Hearing Tr. at pg. 31, lines 21-22).  Because petitioner admitted under oath that these facts were true, counsel could not later object to enhancements based on them in the PSR.  Furthermore, even if counsel had objected,[4] the objections would not have been sustained given the prior admissions, and thus no prejudice results.

It was also reasonable for counsel to fail to note an objection to the obstruction of justice enhancement.  The record shows that petitioner instructed co-conspirators to lie to police about their and petitioner's involvement in the conspiracy.  At co-conspirators' debriefings, they related to investigators that petitioner had instructed them to lie.  Petitioner also admits in a letter to the prosecutor that he purposefully did not tell the truth in his debriefings.  (Govt.'s Ex. 2).  Under United States Sentencing Guidelines § 3C1.1, an enhancement for obstruction of justice applies, if the defendant willfully obstructed or impeded justice.  Under the application notes, actions such as suborning perjury and providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the

---

[4]   In fact, it may well have been an ethical breach for counsel to have objected under these circumstances.

official investigation or prosecution of the instant offense constitute obstruction of justice under U.S.S.G. § 3C1.1. As petitioner's conduct qualifies as obstruction of justice under the sentencing guidelines, there is no prejudice in counsel's failure to raise the objection at sentencing.

Finally, counsel was not ineffective for failing to object to petitioner not receiving credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. In determining whether a defendant qualifies for acceptance of responsibility, the court considers, among other factors, whether the defendant truthfully admitted to the conduct comprising the offense of conviction, voluntarily assisted authorities, and timely accepted responsibility for all of his relevant criminal conduct. See U.S.S.G. § 3E1.1, App. Note 1. Petitioner admits in his letter to the prosecutor that he did not tell the truth. (Govt.'s Ex. 2). Petitioner did not even begin to tell the truth until immediately before sentencing. As petitioner does not qualify for acceptance of responsibility, it was reasonable for counsel not to make the objection and no prejudice stems from counsel's failure to do so.

## 4.  Breach of Attorney-Client Privilege

Petitioner makes a blanket statement that counsel shared all information given to him by petitioner with the prosecutor. (Pet'r's Mot. at 2). Under Strickland, petitioner must identify acts and omissions of counsel that are not reasonable under the

13

circumstances.   See Strickland, 466 U.S. at 690.   Petitioner's
general statement that counsel shared information, without giving
any details or context, lends at best weak support to petitioner's
conclusion that counsel acted unreasonably.   There is a strong
presumption that counsel's conduct falls within the wide range of
reasonable professional assistance.   Strickland, 466 U.S. at 689.
Petitioner's general statement does not overcome this presumption.
Additionally,   even   if   counsel   shared   information   with   the
prosecutor,  petitioner  has  not  shown  that  he  was  actually
prejudiced  by  the  actions  of  counsel.   Petitioner  has  failed  to
show  that  counsel's  sharing  of  information  was  unreasonable  in
light  of  professional  norms  or  that  defendant  has  been  prejudiced
by  these  alleged  actions  of  counsel.

5.   Failure to Appeal

Petitioner  alleges  ineffective  assistance  of  counsel  on  the
ground  counsel  did  not  file  a  direct  appeal.   Counsel's  failure  to
file  a  direct  appeal  was  not  an  unreasonable  decision  in  this  case.
Petitioner  specifically  waived  his  right  to  appeal  in  his  plea
agreement.   (Plea  Agreement  at  pg.  3,  ¶  3).   Additionally,
petitioner  wrote  a  letter  to  counsel  directing  him  not  to  appeal.
(Govt.'s  Att.  B).[5]   Under  these  circumstances,  it  was  reasonable

_____

[5]   As  such,  this  case  does  not  fall  within  the  ambit  of  Anders
v.  California,  386  U.S.  738,  744-45  (1967)  (holding  that  if  a
defendant  wants  counsel  to  appeal,  but  the  appellate  attorney
believes  there  are  no  grounds  for  an  appeal,  the  attorney  should
advise  the  court  as  such,  list  any  arguable  support  for  an  appeal,

for counsel not to appeal.

Moreover, petitioner can show no prejudice.  In the Fourth Circuit, "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1991). Petitioner does not argue that his decision to waive appeal rights was entered into unknowingly or unintelligently.  Had petitioner appealed, the appeal would have been dismissed because petitioner had waived appeal rights.  Petitioner has not shown that his counsel's decision to forgo appeal was unreasonable or caused prejudice.

## C.  Abuse of Discretion

Petitioner argues that the court abused its discretion and violated the equal protection clause of the Fourteenth Amendment when sentencing petitioner, because the court made comments about petitioner's abandonment of his ill wife and his naval career during sentencing.  The court's sentencing of defendant was not an abuse of discretion.  As an initial matter, as discussed in supra Part III.A, the court could consider the fact that petitioner had abandoned his wife and ruined his naval career.  Under 18 U.S.C.

---

and request to withdraw from the case).  See also Jones v. Barnes, 463 U.S. 475, 751 (1983) (a defendant who explicitly tells his attorney not to appeal cannot later complain that counsel was deficient for failing to file an appeal).

§ 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Furthermore, 18 U.S.C. §3553(a)(1) instructs the court to consider the defendant's "history and characteristics" in determining the particular sentence to be imposed. 18 U.S.C. § 3553(a). The court is authorized and required to consider the characteristics of the defendant in sentencing the defendant.

District courts have broad authority to implement any sentence within the guideline range. At the time defendant was sentenced, it was within the court's discretion to impose any sentence within a properly computed guideline range, and as long as the sentence was within the guideline range, the sentence was non-reviewable by the appellate court. See United States v. Porter, 909 F.2d 789, 794-95 (4th Cir. 1990); United States v. Roberts, 881 F.2d 95, 106-107 (4th Cir. 1989). Defendant was sentenced within a properly calculated range. Accordingly, the court's sentencing of petitioner is not an abuse of discretion.

Petitioner also contends that the comments of the court evince an equal protection violation. At a threshold level, to establish a prima facie equal protection case, petitioner must show purposeful discrimination by the state. See, e.g., Batson v.

Kentucky, 476 U.S. 79, 93 (1986).  Petitioner states in conclusory terms that he was treated differently than other defendants because he was having an affair and he was in the Navy.  Petitioner, however, gives absolutely no evidence that he was treated differently at sentencing than any other defendant whose personal history and characteristics are considered, as required by law. His sentence was in the mid-level of the guideline range and there is no indication that petitioner was sentenced differently than others similarly situated or that he was discriminated against because of his personal characteristics, and he was not.  As discussed in supra Part III.A, petitioner's background, character, and conduct were considered as required by law and as they are so considered for every defendant at sentencing.  Petitioner fails to state a prima facie case of an equal protection violation.

Plaintiff has failed to demonstrate abuse of discretion or violation of equal protection, and the court **DENIES** petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 on this ground.

## D.  Sentencing Enhancements

Petitioner claims that his sentence was imposed in violation of the constitution because a jury did not find beyond a reasonable doubt each fact upon which his sentence was based.  Specifically, petitioner asserts that sentencing enhancements based on drug amounts, role in the offense, possession of a dangerous weapon, and

obstruction of justice, should not have been applied.   The petitioner asserts that under United States v. Booker, 125 S. Ct. 738 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), a jury would have to find a sentence enhancing fact beyond a reasonable doubt before petitioner's sentence could be constitutionally increased because of that fact.

Petitioner did not directly appeal his sentence.   Direct appeal is the usual route for correcting trial errors.   See Sunal v. Large, 332 U.S. 174, 177 (1947).   When a petitioner procedurally defaults by failing to raise a claim on direct review, he may have his claims reviewed in a § 2255 motion under only limited circumstances.   To obtain such collateral relief, the petitioner must show "cause and actual prejudice."   United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 623 (1998).

The petitioner has not demonstrated cause.   As an initial matter, as part of his plea agreement, petitioner knowingly waived his right to appeal.   (Plea Agreement, pg. 3 ¶ 2).   After he was sentenced, petitioner informed his attorney that he did not want to appeal.

Even if petitioner was able to show cause, he cannot demonstrate prejudice, because his claims are not subject to collateral review and thereby no relief is available on collateral

18

review.   The cases cited by petitioner do not constitute newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review."   Id.; see Teague v. Lane, 489 U.S. 288, 305-10 (1989) (adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review).   In United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001), the Fourth Circuit held that the rule announced in Apprendi does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in Teague.[6]  Likewise, neither Blakely nor Booker apply retroactively on collateral review, as these cases address the same Sixth Amendment right to a jury trial as Apprendi.[7]  There is nothing in either Blakely or Booker to suggest that the Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review.   See, e.g., United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sepulveda,

---

[6]Teague's first exception addresses new rules which place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe."  Teague, 489 U.S. at 311.   The second exception is reserved for "watershed rules of criminal procedure."  Id.

[7]The Court stated in Booker, "we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker, 125 S. Ct. at 756.

330 F.3d 55 (1st Cir. 2003); <u>United States v. Brown</u>, 305 F.3d 304 (5th Cir. 2002); <u>Sanders</u>, 247 F.3d at 151.

Finally, as discussed in <u>supra</u> <u>Part III.B.2</u>, petitioner actually admitted the underlying facts regarding the drug amounts, his role in the offense, and his possession of a dangerous weapon, at his guilty plea hearing.  <u>Booker</u> does not apply when the defendant admits to the facts underlying an enhancement.  <u>See</u> 125 S. Ct. at 756.

The petitioner has failed to show both cause and prejudice in relation to these enhancements.  Accordingly, the court **DENIES** petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 on this ground.

### IV. Conclusion

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED.**

Petitioner is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510.  The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Memorandum Opinion and Final Order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to petitioner and the Assistant United States Attorney.

**IT IS SO ORDERED.**

/s/Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

August 29, 2005